IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:16-CV-53-FL

| | |
|---|---|
| RICHARD COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER and** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| STATE OF NEW HAMPSHIRE, et al., ) | |
| ) | |
| Defendants. ) | |

This pro se case, filed 22 July 2016, is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) (D.E. 1) by plaintiff and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. For the reasons stated below, plaintiff's motion to proceed *in forma pauperis* will be allowed, but it will be recommended that this case be transferred to the District of New Hampshire.

## ORDER ON *IN FORMA PAUPERIS* MOTION

To qualify for *in forma pauperis* status, a person must show that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information in the motion to proceed *in forma pauperis*, the court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. His motion to proceed *in forma pauperis* is therefore ALLOWED.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

### I. Plaintiff's Allegations and Purported Claims

Plaintiff purports to assert two sets of claims. One relates to prosecutions against him in New Hampshire for indecent exposure in violation of N.H. Rev. Stat. Ann. § 645:1 (Compl. (D.E. 1-1) 6-18) ("exposure-based claims") and the other set to the prosecution against him in New Hampshire for witness tampering in violation of, apparently,[1] N.H. Rev. Stat. Ann. § 641:5 (Compl. 18-26) ("tampering-based claims").[2]

As to the exposure-based claims, plaintiff alleges that in the fall of 2011 a former officer with the Town of Lee, New Hampshire Police Department ("LPD"), Natasha Cormier ("Cormier"), moved into the apartment above his in the Town of Lee. Compl. at 6-7. From November 2011 until plaintiff left New Hampshire on 23 July 2012, Cormier contacted her former colleagues at the LPD some 20 times with false accusations of illegal conduct by plaintiff, including indecent exposure and witness tampering. *Id.* at 7. Members of the LPD colluded with Cormier in harassing plaintiff. *Id.* at 9. Two charges of indecent exposure, under N.H. Rev. Stat. Ann. § 645:1, were brought against him. *Id.* at 6, 7. On 10 March 2012, an LPD officer arrested plaintiff on one of the charges. *Id.* at 8. He was found not guilty on one charge and the other was dismissed in January 2015. *Id.* at 7; 17 ¶ 28. He received a letter dated 20 January 2015 (D.E. 1-2) from his attorney in New Hampshire, the New Hampshire Public

---

[1] Plaintiff cites to § 641.51 as the section underlying the tampering-based claims, but there does not appear to be any such provision.

[2] The allegations relating to each set of claims contain a section entitled "Statement of the Case" (Compl. 6-9 (exposure-based claims); 18 ¶¶ 31-32 (tampering-based claims)) followed by another section entitled "Count One" (*Id.* at 9-18 ¶¶ 1-30 (exposure-based claims); 18-26 ¶¶ 33-64 (tampering-based claims)). Within each "Count One" section, there is an unnumbered paragraph entitled "Municipal Liability." (*Id.* at 15 (exposure-based claims); 24 (tampering-based claims). At the beginning of the complaint, prior to the foregoing allegations, there is a "Jurisdictional Statement" section, addressing both subject matter and personal jurisdiction. *Id.* at 1-6.

2

Defender, notifying him of the dismissal. *Id.* at 9. Plaintiff's record was subsequently expunged as to the exposure-based claims. *See id.* at 9; 23 ¶ 57.

Based on the indecent exposure charges and related proceedings against him, plaintiff purports to assert claims of fraud, malicious prosecution, false imprisonment, and, ostensibly pursuant to 42 U.S.C. § 1983, violation of his Fourth Amendment rights to privacy, to be secure in his person, and protection against arrest and detention without probable cause. *Id.* at 17 ¶ 30. He names as defendants the State of New Hampshire, the Town of Lee, the members of the Town of Lee Board of Selectmen, the LPD, three officers with the LPD, the Strafford County District Attorney, the foreperson of the grand jury that indicted plaintiff for witness tampering in June 2013, an Assistant County Attorney, and Cormier. *Id.* at 17-18 ¶ 30.A-C; 18 ¶ 32 (identifying foreperson). Plaintiff seeks compensatory and punitive damages in a total amount exceeding $1 million. *Id.*

With respect to the tampering-based claims, plaintiff alleges that on 20 June 2013, about a year after he left New Hampshire in July 2012, he was indicted by a grand jury in Dover, New Hampshire for attempting to induce Cormier to provide false information between 16 October 2012 and 31 November 2012 in violation of N.H. Rev. Stat. Ann. § 641:5, I(a).[3] *Id.* at 18 ¶ 31;

---

[3] The indictment is quoted in the proposed complaint as follows:

> "Richard Coleman between the SIXTEENTH day of OCTOBER and the THIRTY-FIRST day of NOVEMBER in the year TWO THOUSAND AND TWELVE, in the County of Strafford, aforesaid, did, believing that an official proceeding was pending, as defined as [sic] RSA 641:1, II, purposely attempted to induce Natasha Cormier to inform falsely, contrary to the form of the Statute, in such case made and provided, and against the peace and dignity of the State."

Compl. 19 ¶ 34. An "official proceeding" is defined as "any proceeding before a legislative, judicial, administrative or other governmental body or official authorized by law to take evidence under oath or affirmation including a notary or other person taking evidence in connection with any such proceeding." N.H. Rev. Stat. Ann. § 641:1, II.

3

19 ¶ 34. Plaintiff had in March 2012 sued Cormier for false arrest, defamation, and malicious prosecution and in April 2012 for criminal prosecution, and a restraining order had been entered against plaintiff in Cormier's favor by a New Hampshire state judge in April 2012. *Id.* at 21 ¶ 42; 22 ¶ 47. Plaintiff alleges that the indictment may have arisen from an offer he made in a New Hampshire state court filing to drop his demand for money damages in his defamation suit in exchange for Cormier writing a letter to the court admitting that she had filed a false police report charging him with indecent exposure. *Id.* at 22 ¶¶ 49, 51. The prosecution sought, but plaintiff refused to enter into, a plea agreement, whereby he would plead guilty to the witness tampering charge in exchange for admittance into a diversion program. *Id.* at 23 ¶¶ 53-55. The charge was eventually dismissed. *See id.* at 7; 23 ¶ 56. The 20 January 2015 letter plaintiff received from his counsel in New Hampshire regarding dismissal of the indecent exposure charge also gave him notice of dismissal of the witness tampering charge. *See id.* at 23 ¶ 56. Plaintiff's record was subsequently expunged as to the witness tampering charge. *See id.* at 23 ¶ 5.

Plaintiff alleges that the indictment failed to provide him adequate notice of the charge against him and that the charge was baseless. *Id.* at 25 ¶¶ 63, 64. He purports to assert claims for violation of his Fourth Amendment rights and his Sixth Amendment right to due notice of charges against him, and for malicious prosecution, pursuant to 42 U.S.C. § 1983. *Id.* at 25 ¶¶ 63, 64. Plaintiff names as defendants the same individuals and entities subject to his exposure-based claims excluding the Town of Lee defendants—namely, the Town, its Selectmen, the LPD, and the officers thereof. *Id.* at 25-26 ¶ 64.A-C. He seeks over $680,000.00 in compensatory and punitive damages against the defendants he names. *Id.*

4

On 1 February 2016, prior to the filing of the instant case, plaintiff filed a case in this court seeking *in forma pauperis* status based on a proposed complaint identical to the instant proposed complaint. *See* Compl. (D.E. 1-1), *Coleman v. State of New Hampshire, et al.*, no. 2:16-CV-3-FL. The undersigned is filing in that case contemporaneously herewith an Order and Memorandum and Recommendation almost identical to the instant Order and Memorandum and Recommendation, which also recommends transfer of all of plaintiff's claims to the District of New Hampshire.

## II.    Applicable Legal Standards

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that the plaintiff's claims are not clearly baseless, the court must weigh the plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504

U.S. at 32. The court must read the complaint carefully to determine if the plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

### III. Analysis

Section 1391 of Title 28 of United States Code ("§ 1391") provides, in relevant part, that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .

28 U.S.C. § 1391(a). The burden rests on the plaintiff to show that venue is appropriate as to each claim. *See, e.g., Lupo v. JPMorgan Chase Bank, N.A.*, Civ. Act. No. DKC 14-0475, 2015 WL 410273, at *3 (D. Md. 26 Jan. 2015); *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 277

(D.S.C. 1999) ("[C]ourts have traditionally held that venue must be appropriate for each claim . . . .").

When a case is filed in an improper venue, the court for that district "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a) ("§ 1406(a)"). Even if the district in which a case is filed is the proper venue, the court may transfer it to another district where it could have been brought "for the convenience of parties and witnesses, in the interest of justice." *Id.* § 1404(a) ("§ 1404(a)"). The convenience of witnesses, most particularly non-party witnesses, who are important to resolution of the case is often cited as the most important factor in determining transfer under § 1404(a). *Union First Mkt. Bank v. Bly*, 3:13-CV-316-GCM, 2013 WL 4455619, at *3 (W.D.N.C. 16 Aug. 2013); *see also Mitsui Sumitomo Ins. Co. of Am. v. Travelers Property Casualty Co. of Am.*, Civ. Act. No. 3:15-CV-207-RJC-DCK, 2015 WL 5918042, at *5 (W.D.N.C. 9 Oct. 2015). Other relevant factors may include the plaintiff's choice of forum, accessibility of proof, and other considerations that might make the litigation more expeditious and economical. *See Amirotech, Inc. v. Srg Technology, LLC*, No. 3:15-CV-636-GCM, 2016 WL 3219880, at *3 (W.D.N.C. 7 June 2016).

"A court need not have personal jurisdiction over a defendant to transfer a case pursuant to 28 U.S.C. § 1404(a) or 1406(a)." *Penrod v. Quick*, No. 5:11-HC-2012-D, 2011 WL 8899492, at *2 (E.D.N.C. 22 June 2011). In addition, decisions regarding transfer are entrusted to the discretion of the district court. *See, e.g., Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991).

Venue is not proper in this district with respect to the exposure-based claims under § 1391(1) or (2). None of the defendants resides in North Carolina. Rather, based on the proposed complaint, all the defendants are residents of the District of New Hampshire.[4] The proposed summonses plaintiff filed (D.E. 1-4 at pp. 1-11) also list New Hampshire addresses for all the defendants.

Moreover, no substantial part, if any part, of the events or omissions giving rise to the exposure-based claims occurred in this district. Instead, virtually all such events or omissions occurred in New Hampshire. The only events relating to these claims conceivably occurring in this district after plaintiff moved here in July 2012 were communications by him from this district to his counsel and possibly others in New Hampshire, and his receipt in this district of communications from New Hampshire (*e.g.*, the 20 January 2015 letter from his counsel). Such communications are inadequate to constitute a substantial part of the events or omissions giving rise to the exposure-based claims.

Thus, the exposure-based claims are subject to transfer or dismissal pursuant to § 1406(a). As mentioned, an identical case in this district is being recommended contemporaneously herewith for transfer to the District of New Hampshire. It is obviously a district in which these claims could have been brought because all the defendants reside there and, independent of that consideration, a substantial part of the events or omissions giving rise to the claims occurred there. *See* 28 U.S.C. § 1391(1), (2). Assuming the other case is transferred

---

[4] It is appropriate to treat the State of New Hampshire as a resident of the District of New Hampshire for purposes of § 1391. *See, e.g., Black v. N.J. Gov't*, No. 5:08-CV-193-F, 2009 WL 559796, at *2 (E.D.N.C. 4 Mar. 2009) ("The State of New Jersey and the New Jersey Motor Vehicle Commission reside in the State of New Jersey."); *Jarrett v. State of N.C.*, 868 F. Supp. 155, 158 (D.S.C. 1994) (noting in case where defendant North Carolina was a defendant that "all Defendants are North Carolina residents").

8

to the District of New Hampshire, it is appropriate to leave it to that court to determine whether to consolidate the instant case with the other one or to deal with the instant case in some other manner. Transfer is therefore the more appropriate course than dismissal.[5]

Even if this district were deemed a proper venue for the exposure-based claims, transfer to the District of New Hampshire would be warranted under § 1404(a). The party witnesses, other than plaintiff, reside there and any nonparty witnesses ostensibly do too. Most of any other evidence relating to the claims would also apparently be located in the District of New Hampshire.

Turning to the tampering-based claims, venue in this district is also arguably improper with respect to them under § 1391(1) and (2). None of the defendants named in the tampering-based claims (which, again, include all the defendants named in the exposure-based claims) resides in this district; instead, all reside in New Hampshire. The proposed complaint does not definitively show that any substantial part of the events or omissions giving rise to the claims occurred in this district. Plaintiff, of course, alleges that the claims are entirely baseless. The implication is that he engaged in no acts or omissions in this district (or elsewhere) to give rise to these claims. As noted, he does allege that his filing in New Hampshire offering to settle his claim for damages in his defamation case against Cormier in exchange for a letter from her admitting to filing a false police report may have been the basis of the witness tampering charge.

---

[5] In the other identical case filed by plaintiff in this court, the undersigned is recommending transfer of both the exposure-based and tampering-based claims pursuant to § 1406(a), rather than dismissal, on the additional ground that transfer would avoid the risk of subjecting plaintiff's claims to a limitations bar that dismissal might entail. That ground is cited with respect to the other case because it was filed before the instant case. If the other case were dismissed rather than transferred, avoidance of possible application of a limitations bar would provide an additional ground for transfer of the claims in the instant case.

9

But his allegations portray this as merely a possibility. Indeed, he alleges that he cannot determine from the indictment the basis of the charge.

Assuming this district is not a proper venue for the tampering-based claims, transfer to the District of New Hampshire pursuant to § 1406(a), rather than dismissal, would be appropriate because of the close relationship between these claims and the exposure-based claims and the associated evidence. The convenience of witnesses and judicial economy would be promoted by the two sets of claims being addressed in the same forum.

Even if this district were deemed a proper venue, transfer to the District of New Hampshire would be appropriate pursuant to § 1404(a). For the reasons stated, litigation of the tampering-based claims in the same forum and at the same time would promote the interests of justice.

**IV.     Conclusion**

For the foregoing reasons, IT IS RECOMMENDED that this action be TRANSFERRED to the District of New Hampshire pursuant to 28 U.S.C. § 1406(a) or, alternatively, 28 U.S.C. § 1404(a).

IT IS DIRECTED that the Clerk serve a copy of this Oder and Memorandum and Recommendation on plaintiff. Plaintiff shall have until 9 November 2016 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

SO ORDERED, this 26th day of October 2016.

James E. Gates
United States Magistrate Judge